UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60888-CIV-COHN/SELTZER

MOBILE DIAGNOSTIC IMAGING, INC.,
a Florida corporation,

        Plaintiff,

v.

SAMUEL GORMEZANO, individually, and
FIRST STOP SOLUTIONS, INC.,
a New York corporation,

        Defendants.
_____/

### ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER TO THE EASTERN DISTRICT OF NEW YORK

**THIS CAUSE** is before the Court upon Defendants Samuel Gormezano and First Stop Solutions, Inc.'s ("First Stop's") Motion to Dismiss the Complaint or, in the Alternative, to Transfer the Action to the Eastern District of New York [DE 15] ("Motion"). The Court has considered the Motion, Plaintiff Mobile Diagnostic Imaging Inc.'s Response [DE 18], Defendants' Reply [DE 20], Plaintiff's Sur-Reply [DE 26], Defendants' Reply to Plaintiff's Sur-Reply [DE 30], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

According to the Complaint [DE 1], in 2010, Defendant Gormezano entered into a partnership with Plaintiff's president and owner, Bradley Kantor, to expand a medical mobile diagnostic business in Florida and New York. See Compl. ¶¶ 8, 10-12. Throughout 2010 and into 2011, Defendant Gormezano allegedly stole Plaintiff's clients

and money for his own business, Defendant First Stop.  Id. ¶¶ 36-39.  In the process,

Defendant Gormezano and his clients allegedly made numerous fraudulent

misrepresentations to Mr. Kantor.  Id. ¶¶ 42-44.

Based on these facts, Plaintiff filed this action on May 11, 2012.  See Compl.

The Complaint seeks damages against both Defendants for theft (Counts I and II),

violation of Florida's Uniform Trade Secret Act, Fla. Stat. § 688.004, (Counts III and IV),

and tortious interference with business relationships (Counts IX and X), as well as

injunctive relief against both Defendants for violation of Florida's Uniform Trade Secret

Act, Fla. Stat. § 688.003 et seq., (Counts V and VI).  The Complaint also seeks

damages against Defendant Gormezano for breach of fiduciary duty (Count VII) and

conversion (Count VIII).

On June 21, 2012, Defendants filed the instant Motion, seeking to dismiss this

action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the

alternative, transfer the action to the Eastern District of New York pursuant to 28 U.S.C.

§ 1404.  See Mot.  Plaintiff contends that venue is proper in this district and that transfer

is not warranted.  See Resp.

## II. DISCUSSION

For the reasons discussed below, the Court will deny the request to dismiss this

action for improper venue, because venue is proper in the Southern District of Florida.

The Court will also deny the request to transfer the action to the Eastern District of New

York, because the balance of the relevant factors favor retention of the case in this

district.

2

### A. Motion to Dismiss

Defendants request that the Court dismiss Plaintiff's Complaint for improper

venue.  Under Federal Rule of Civil Procedure 12(b)(3), a motion to dismiss lies for

improper venue.  Fed. R. Civ. P. 12(b)(3).  Where, as here, a civil action is brought in a

district court, 28 U.S.C. § 1391 governs venue.  See 28 U.S.C. § 1391(a).  Pursuant to

§ 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant is subject
> to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If venue is improper, the district court "shall dismiss, or if it be in

the interest of justice, transfer such case to any district or division in which it could have

been brought."  28 U.S.C. § 1406(a).

Under part (b)(1), venue is proper in "a judicial district in which any defendant

resides, if all defendants are residents of the State in which the district is located."  28

U.S.C. § 1391(b)(1).  Both Defendants in this case, Gormezano and First Stop, reside

in New York state.  See Compl. ¶ 4 ("Defendant, Gormezano . . . resides in the State of

New York."); Compl. ¶ 5 ("Defendant, First Stop, is a New York State Corporation . . .");

see also Mot. at 10; Affidavit of Samuel Gormezano [DE 15-1] ¶ 3 ("I am a resident of

the State of New York . . ."); Affidavit of Trinette Gormezano [DE 15-2] ¶ 3 ("First Stop is

a New York Corporation . . .").  Furthermore, Defendant Gormezano resides "within the

Eastern District of New York."  Samuel Gormezano Aff. ¶ 3.  Therefore, because Defendant Gormezano resides in the Eastern District of New York, and all Defendants are residents of New York, the state in which the district is located, venue is proper in the Eastern District of New York.  See 28 U.S.C. § 1391(b)(1).[1]

Under part (b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391(b)(2). When evaluating whether a substantial part of the events giving rise to a claim occurred within a venue, courts have considered factors such as (1) where the parties negotiated and drafted agreements, sent agreements, and sent payments under the agreements, Maid Brigade Sys., Inc. v. Carpenter, No. 1:93-CV-3000-ODE, 1994 WL 903888, at *8 (N.D. Ga. Aug. 8, 1994); Md. Nat'l Bank v. M/V Tanicorp I, 796 F. Supp. 188, 190 (D. Md. 1992); (2) the venue in which a party approached a company and gained access to proprietary information, Wempe v. Sunrise Med. HHG, Inc., 61 F. Supp. 2d 1165, 1173 (D. Kan. 1999); (3) the place where a party's training, access to and knowledge of trade

---

[1]     Defendants contend that this determination ends the inquiry, and this action cannot proceed in this district because venue is proper elsewhere.  See Mot. 10. Defendants are mistaken.  Venue under § 1391 may be proper in more than one location.  See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (Section 1391 "contemplates some cases in which venue will be proper in two or more districts."); Plastic Fabricating, Inc. v. Electrex Co., Inc., No. 7:12-CV-00119, 2012 WL 1970237, at *4 (W.D. Va. May 30, 2012) (decided after the 2012 amendments to § 1391, citing Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (citing Jenkins, 321 F.3d at 1371)).  Although, as Defendants point out, § 1391 was recently amended, nothing in the amended statute restricts application to part (b)(1).  Rather, the amended version, like the previous version, provides that venue may be established by part (b)(1) or (b)(2) or, if neither (b)(1) nor (b)(2) applies, by part (b)(3).  See 28 U.S.C. § 1391(b). The Committee Report that Defendants cite in their Motion does not suggest otherwise. See Mot. at 9-10 (citing H.R. Rep. No. 112-10, 2011 WL 484052, at 19-20 (2011) (providing an example of a case applying part (b)(1), but not limiting cases to selecting the venue dictated by (b)(1) where (b)(2) could also apply)).

secrets, and job responsibilities were anchored, <u>Ciena Corp. v. Jarrad</u>, 203 F.3d 312,

318 (4th Cir. 2000); and (4) the location designated for litigation pursuant to the terms

of a contract or the state's law which would apply pursuant to the terms of a contract,

<u>Varnell, Struck & Assocs., Inc. v. Lowe's Cos., Inc.</u>, Nos. 5:06cv068, 5:07cv104, 2008

WL 1820830, at *14 (W.D.N.C. Apr. 21, 2008); <u>M/V Tanicorp I</u>, 796 F. Supp. at 190.

Courts have also held that substantial events occurred within a venue when harm or

injury was suffered in that venue.  <u>See</u> <u>Wempe</u>, 61 F. Supp. 2d at 1173; <u>Varnell, Struck

& Assocs.</u>, 2008 WL 1820830, at *14; <u>Ciena Corp.</u>, 203 F.3d at 318.

Plaintiff appears to rely on part (b)(2) as the basis for bringing its action in this

district.  <u>See</u> Compl. ¶ 6; Resp. at 3-4.[2]  Defendants argue that "[n]o part of the events

or omissions giving rise to [Plaintiff's] claims occurred in Florida," Mot. at 10, but a

review of the Complaint and the parties' arguments suggests otherwise.  For instance,

the Complaint alleges that Defendant Gormezano approached Mr. Kantor "to expand

[Plaintiff's] business in both Florida and in New York," Compl. ¶ 18, the partners

operated the business "in Florida and New York," <u>id.</u> ¶ 23, and "establish[ed] new

clients and relationships both in New York and Florida," <u>id.</u> ¶ 27.  Defendant

Gormezano allegedly made payments toward his share of the business which 'were

used for the expenses . . . in Florida and to, in part, maintain the expansion of [the

business] in Florida."  <u>Id.</u> ¶¶ 31, 33.  The Complaint also alleges that Defendant

Gormezano diverted receivables from Plaintiff's clients to Defendant First Stop, and not

to Plaintiff's business in Florida, <u>id.</u> ¶¶ 37-39, and that Defendant Gormezano made

---

[2]    Although Plaintiff cites the pre-amendment version of § 1391, in
substance, Plaintiff relies on the post-amendment version part (b)(2).

5

fraudulent misrepresentations in Florida, id. ¶ 42.

In its Response to the instant Motion, Plaintiff adds that "the agreement at issue in this matter arose in Florida, from a Florida Company and was negotiated and accepted by Gormezano in Florida, and the proposed corporate agreements, as referenced by Gormezano, even included forum clauses for this District."  Resp. at 3. The partnership was created as "the result of telephone calls, meetings, discussions, and negotiations, all which were in, and/or directed to, the State of Florida where the Plaintiff's corporation resides, and were negotiated by Florida counsel."  Id.  "In accordance with this partnership, the partnership's revenue payments . . . were required to be sent to the Plaintiff in Florida."  Id.  Finally, Plaintiff highlights that Defendant Gormezano "obtained access to Plaintiff['s] trade secrets and confidential/proprietary information in Florida," id., and "the damages being suffered by the Plaintiff as a result of the Defendants' illicit actions [are] occurring in this District, not in another forum," id. at 4.  Despite the fact that some acts, or even substantial acts, may have occurred in New York, the allegations and evidence before the Court indicate that a substantial part of the events giving rise to Plaintiff's claims for theft, trade secret violations, tortious interference with business, breach of fiduciary duty, and conversion also took place within this district.

Thus, although venue is proper in the Eastern District of New York pursuant to § 1391(b)(1), venue is also proper in the Southern District of Florida pursuant to § 1391(b)(2).  Accordingly, venue is not improper in this district, and the request for dismissal based on improper venue will be denied.

## B. Motion to Transfer

As an alternative to dismissal, Defendants request that the Court transfer this action to the Eastern District of New York.  Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a). As discussed above, the Court has determined that the Eastern District of New York would have been a proper venue for this action.  See *supra*; see also 28 U.S.C. § 1391(b)(1).  The Court does not find, and Plaintiff does not contend, that a court within the Eastern District of New York would lack personal jurisdiction over the defendants or subject matter jurisdiction over this case.  Therefore, the Eastern District of New York qualifies as a district where Plaintiff could have brought its case.  The Court goes on to determine whether the convenience of parties and witnesses and the interest of justice weigh in favor of transfer.  See  28 U.S.C. § 1404(a).

In determining whether to transfer a case to another venue, courts rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing forum; and (6) trial efficiency and expense to the justice system.  Gould v. Nat'l Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998); see also § 1404(a).  In evaluating these factors, courts afford deference to the plaintiff's choice of forum, as "[t]he plaintiff's choice of forum

should not be disturbed unless it is clearly outweighed by other considerations."[3]

Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).  Therefore, to prevail on their request for transfer, Defendants bear the burden of proving that Plaintiff's choice of forum is so clearly outweighed by other considerations that the Court should transfer this action to New York.

Plaintiff's choice of forum is Florida.  Plaintiff is a Florida corporation, see Compl. ¶ 2, but Defendants reside in New York, see id. ¶¶ 4, 5.  One likely witness, Mr. Kantor, resides in Florida, see id. ¶ 3, however seven of Defendants' likely witnesses, including two technicians, three doctors, Defendant Gormezano himself, and his wife, Trinette Gormezano, reside in New York, see Samuel Gormezano Aff. ¶ 20; Trinette Gormezano Aff. ¶ 12; Reply at 7.[4]  Plaintiff notes that its bank records, corporate

---

[3]     Defendants argue that this Court should not defer to Plaintiff's choice of forum because "key operative facts" did not occur in the district where Plaintiff filed. See Mot. at 14 (citing Proven Winners N. Am., LLC v. Cascade Greenhouse, No. 2:06-cv-428-FtM-29DNF, 2007 WL 1655387, at *2 (M.D. Fla. June 6, 2007) ("Because the key operative facts in this case did not occur in the Middle District of Florida, but in the Western District of Washington, the Court gives plaintiff's choice of forum less weight.")).  Defendants' argument is unpersuasive in this case.  Although certain key facts might have occurred in New York, key facts also occurred in this district.  See supra (venue analysis finding that a substantial part of the events in this case occurred in Florida).  Regardless, on balance, the remaining factors also weigh in favor of retaining this case in this district.

[4]     Plaintiff notes that one of these witnesses, Defendant Gormezano's wife, Trinette Gormezano, has filed a separate action against Plaintiff and Mr. Kantor in a state court located within this district.  See Resp. at 2, 8; Sur-Reply.  Plaintiff characterizes the state court lawsuit as one filed by Defendant Gormezano "through his wife," Resp. at 4, and suggests that the lawsuit demonstrates that this forum is not a legal inconvenience for Defendant Gormezano.  Defendants dispute the applicability of the state court lawsuit to this one.  See Reply to Sur-Reply.  The Court declines to find that the state court lawsuit was actually filed by Defendant Gormezano instead of his wife, but the fact that Mrs. Gormezano has filed a lawsuit in a state court located within this district suggests this is not an inconvenient location for her to serve as a witness in

records, minutes, and operational documents are located in Florida, Resp. at 7, and

Defendants contend that there are documents and business files of the client accounts

that are likely in New York, Mot. at 14.  Defendants express concern that requiring

Defendant Gormezano to travel to Florida for any hearing or proceeding in this case

would create a financial burden, Mot. at 15, however, this Court does not require every

individual defendant to be present at every possible Court hearing, nor have any such

hearings been scheduled to date.  Of course, Defendant Gormezano should be present

at trial, but trial is not set to begin until February 19, 2013, see Scheduling Orders [DE's

4, 14], which provides Defendant Gormezano with sufficient time to plan his trip to

Florida.  Defendants also note that because the New York witnesses will be outside the

subpoena power of this Court, the cost of obtaining their presence weighs in favor of

transfer, see Mot. at 15, but Plaintiff responds that "the primary evidence of stolen

clients are documents which can be easily subpoenaed and submitted electronically

and testimony, especially custodial representations, are unnecessary and can

otherwise be preserved by deposition for trial if no stipulation exists," Resp. at 8.

Finally, Defendants contend that the interests of justice support transfer because they

have no substantive contact with this district, Mot. at 15-16, but the factors noted above

in the Court's venue analysis suggest otherwise.  See supra.  Of course, Florida has a

"very strong interest" in providing a forum for its residents to obtain relief from

nonresidents causing injuries in Florida.  See Licciardello v. Lovelady, 544 F.3d 1280,

1288 (11th Cir. 2008).

_____

this lawsuit.

Upon consideration of all of these factors, the Court concludes that Defendants have failed to meet their burden to show sufficient considerations to clearly outweigh Plaintiff's choice of forum.  Therefore, the Court will deny the request to transfer this case to the Eastern District of New York.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Defendants' Motion to Dismiss the Complaint or, in the Alternative, to Transfer the Action to the Eastern District of New York [DE 15] is **DENIED**;

2.    Defendants shall file their Answer to Plaintiff's Complaint [DE 1] by no later than **August 23, 2012**;

3.    Defendants' Motion to Stay Discovery Pending the Resolution of Their Motion to Dismiss or, in the Alternative, Transfer the Action [DE 27] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of August 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

10